## (May 17, 1965)

■ CRITERION CAPITAL CORP. . et al., Respondents, v. VALVEN HOLDING CORPORATION et al., Appellants, et al., Defendants, and LAWRENCE FISHER, Respondent.— In an action to foreclose a mortgage on real property, in which a judgment of foreclosure and sale had been entered, the defendants Valven Holding Corporation, Scarsdale Lanes, Inc., and Robert L. Crawley (the owners) appeal from an order of the Supreme Court, Westchester County, entered February 10, 1965, which denied their motion to vacate a sale of the mortgaged premises held January 7, 1965 pursuant to said judgment. Order affirmed, with $10 costs and disbursements to the respondent Fisher, payable by appellants. The judgment of foreclosure and sale in the instant action was signed November 13, 1964. The sale which was originally scheduled for December 23, 1964, was adjourned to January 6, 1965, with due notice published of the original sale and of the postponement. On January 6, 1965, the Referee appointed to sell failed to appear because of illness. His representative announced an adjournment of the sale to the following day, January 7, 1965; and after a conference held before the Justice at Special Term, an order adjourning the sale to January 7, 1965 was signed on consent. The sale was held on that day. Assuming that there should have been publication of the date of the adjourned sale, it is our opinion that the omission so to publish was merely an irregularity which may be the basis for setting aside the sale only if the substantial rights of a party are prejudiced by the defect (CPLR 2003). However, there was no such prejudice shown. Indeed, it appears that the Referee who conducted the sale "received about 14 bids" for the property and that there was much spirited bidding. Under the circumstances, the motion to set aside the sale was properly denied. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.